## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

**v.**                                          **Crim. No. 1:14cr33-HSO-BWR-16**
                                            **Civil No. 1:20cv326-HSO**

**FEMI ALEXANDER MEWASE**

### MEMORANDUM OPINION AND ORDER DENYING FEMI ALEXANDER MEWASE'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255

**BEFORE THE COURT** is the Motion [1047] of Defendant Femi Alexander Mewase to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255.  After due consideration of the Motion, related pleadings, the record, and relevant legal authority, the Court is of the opinion that the Motion [1047] and the files and records of the case conclusively show that Femi Alexander Mewase is entitled to no relief and that his § 2255 Motion should be denied without an evidentiary hearing.  *See* 28 U.S.C. § 2255(b).

### I. FACTS AND PROCEDURAL HISTORY

In this case Defendant Femi Alexander Mewase ("Mewase" or "Defendant"), along with numerous co-Defendants, was charged in a Second Superseding Indictment [156] with three counts of conspiracy (Counts 1, 2, and 9).  *See* 2d Superseding Indictment [156] at 4-29, 31-32.  Mewase proceeded to a jury trial with two co-Defendants, and the jury convicted him of conspiracy to commit mail and

wire fraud (Count 1),[1] and conspiracy to commit identity theft, use of unauthorized access devices, and theft of government funds (Count 2). *See* Verdict Form [788] at 3, 6-7. The jury acquitted Mewase of conspiracy to commit money laundering (Count 9). *See id.* at 3. Mewase was sentenced to a 240-month term of imprisonment as to Count 1 and a 60-month term as to Count 2, to run consecutively to one another, resulting in a total term of imprisonment of 300 months. *See* J. [879] at 3.

Mewase and both co-Defendants appealed, and the United States Court of Appeals for the Fifth Circuit affirmed in all respects. *See United States v. Ayelotan*, 917 F.3d 394, 399 (5th Cir.), *as revised* (Mar. 4, 2019). The United States Supreme Court denied Mewase's petition for a writ of certiorari on October 7, 2019, *see* Ex. [1008] at 1, such that any motion under 28 U.S.C. § 2255 was due no later than October 7, 2020, *see* 28 U.S.C. § 2255(f)(1); *United States v. Olvera*, 775 F.3d 726, 729 (5th Cir. 2015).

Mewase has filed the present Motion [1047] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. He purportedly executed the Motion on September 30, 2020, but it was not stamped received by the Clerk of Court and filed of record until nearly three weeks later, on October 19, 2020, after the statute of limitations had expired. *See* Mot. [1047] at 1,

---

[1] With respect to Count 1, the jury specifically found that the Government had not proved beyond a reasonable doubt that Mewase conspired to commit bank fraud, but it unanimously determined that the Government had proved beyond a reasonable doubt that he conspired to commit mail fraud under 18 U.S.C. § 1341 and wire fraud under 18 U.S.C. § 1343. *See* Verdict Form [788] at 3.

2

6. The envelope containing the Motion bears a postmark of October 15, 2020, *see*

Ex. [1047-1] at 1, which was also after the statute of limitations had expired.

On October 21, 2020, the Court entered an Order [1048] directing the United

States Attorney to file a response limited to addressing the question of the

timeliness of Mewase's § 2255 Motion, and permitting Mewase to file a reply.  *See*

Order [1048] at 2.  The Government responded, and it takes the position that the

mailing of Mewase's Motion occurred beyond the one-year statute of limitations

such that the Motion should be dismissed as untimely.  *See* Resp. [1053] at 3-4.

Mewase has replied by sending "a copy of the reason for [his] 2255 Motion

being untimely.  Enclosed is the reason."  Reply [1056] at 1.  Mewase's "reason"

consists only of an attached, unsworn Memorandum from a "B. Solheim/Counselor"

on United States Department of Justice, Federal Bureau of Prisons, letterhead,

which is addressed to the Assistant United States Attorney in this case.  *See id.* at

2.  The Memorandum states that

> [o]n Wednesday November 25th, 2020 it was brought to my attention
> that Inmate Mewase # 18348-043 was trying to submit Legal Mail by
> the Due date on September 30th, but according to the log books of the
> 5802 Housing Unit, the Legal Mail wasn't logged until October 14th,
> 2020.  The delay for submission was due to lack of staff during that time
> frame.  Unit Team is subjected to Augmentation along with having to
> provide the assistance of screening all incoming buses especially during
> this ongoing pandemic.

*Id.*  At no point has Mewase himself stated when he placed, or attempted to place,

his § 2255 Motion in the prison mailing system, or when he otherwise submitted his

Motion to prison officials for mailing.  *See id.* at 1.

3

## II. <u>DISCUSSION</u>

A.   <u>Relevant legal authority</u>

There is a one-year statute of limitations for filing a motion under 28 U.S.C.

§ 2255. *See* 28 U.S.C. § 2255(f). This limitations period runs from the latest of

> (1)   the date on which the judgment of conviction becomes final;
> (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* Only subsection (f)(1) is implicated here.[2] *See id.*

"Under the prison mailbox rule, a pro se prisoner's pleading is considered

filed when the document is placed in the prison mailing system." *United States v.*

*Duran*, 934 F.3d 407, 412 (5th Cir. 2019). The mailbox rule "applies once it is

---

[2] Subsections (f)(2), (f)(3), and (f)(4) provide "alternative trigger dates for the one-year limitations period." *United States v. Scruggs*, 691 F.3d 660, 669 (5th Cir. 2012). To the extent Mewase's filing could be construed to argue that § 2255(f)(2) applies if the prison mail system was unavailable when he attempted to mail his Motion, that argument is unpersuasive because this provision concerns the commencement of the running of the one-year statute of limitations, not its expiration. *See id.*; 28 U.S.C. § 2255(f)(2); *see also, e.g., United States v. Olvera*, 775 F.3d 726, 729 n.4 (5th Cir. 2015) (noting that § 2255(f)(2) is one ground that can "trigger the limitations period"). Mewase has not asserted there were any mail issues at the prison that began at or before the time his judgment of conviction became final, which was when the Supreme Court denied his petition for certiorari on October 7, 2019, and the limitations period thus began to run at that time. *See* 28 U.S.C. § 2255(f)(1); Mot. [1047]; Resp. [1056]. Therefore, § 2255(f)(2) would be inapplicable. *See* 28 U.S.C. § 2255(f)(2). Nor has Mewase raised any argument implicating the alternative trigger dates set forth in § 2255(f)(3) and § 2255(f)(4). *See id.* § 2255(f)(3)-(4).

established that the prisoner gave prison officials the pleading for mailing, irrespective of whether the document reaches its intended recipient." *Id.*

In adopting the mailbox rule for notices of appeal, the Supreme Court has explained that, unlike a typical pro se litigant, a pro se prisoner "does not anonymously drop his notice of appeal in a public mailbox—he hands it over to prison authorities who have well-developed procedures for recording the date and time at which they receive papers for mailing," and these authorities "can readily dispute a prisoner's assertions that he delivered the paper on a different date." *Houston v. Lack*, 487 U.S. 266, 275 (1988).  According to the Supreme Court, "[b]ecause reference to prison mail logs will generally be a straightforward inquiry, making filing turn on the date the pro se prisoner delivers the notice to prison authorities for mailing is a bright-line rule, not an uncertain one." *Id.*

The mailbox rule is codified in Rule 3(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts (the "Section 2255 Rules").  *See* Rule 3(d) of Section 2255 Rules.  Rule 3(d) states that

> [a] paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing.  If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule.  *Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of the deposit and state that first-class postage has been prepaid.*[3]

*Id.* (emphasis added).  According to the Fifth Circuit, a movant in a § 2255

---

[3]  Nowhere has Mewase supplied a declaration or notarized statement conforming to this Rule, or even stating exactly when he deposited his Motion in the prison mailing system.

proceeding bears the burden of demonstrating that his filings are timely, and this includes demonstrating when his pleading was tendered to prison officials for delivery for purposes of receiving the benefit an earlier filing date under the mailbox rule. *See Duran*, 934 F.3d at 412-13.

B.      Analysis

In this case, the limitations period under § 2255(f) began to run on the date Mewase's judgment became final, when the Supreme Court denied his petition for writ of certiorari on October 7, 2019. *See* Ex. [1008] at 1. Mewase's § 2255 Motion was therefore due by October 7, 2020. *See* 28 U.S.C. § 2255(f)(1).[4]

1.      Whether Mewase has shown that the mailbox rule applies

To the extent Mewase may be attempting to invoke the prison mailbox rule, based upon the record he has not carried his burden of demonstrating that it would render his filing timely. Mewase has submitted no competent evidence or argument that explains when he actually placed his Motion in the prison mailing system, or whether he in fact did so prior to the October 7, 2020, deadline. *But see Houston*, 487 U.S. at 271-72; *Duran*, 934 F.3d at 412. Instead, Mewase has submitted only the unsworn Memorandum from B. Solheim. *See* Ex. [1056] at 1-2 (Mewase's Response regarding the statute of limitations simply referring the Court to the Memorandum from "B. Solheim/Counselor"). The other evidence in the record

---

[4] There is no evidence, nor has Mewase offered any argument, tending to show that when his Judgment became final, there were any Government-created impediments to his filing a § 2255 motion within the meaning of 28 U.S.C. § 2255(f)(2). Based upon the record, it is beyond dispute that the one-year statute of limitations began to run on October 7, 2019.

6

indicates that Mewase did not submit the Motion to prison authorities for mailing on the day it was signed. *See* Ex. "2" [1053-2] at 1 (e-mail from Supervisor Correctional Systems Specialist at FCI Fort Dix stating that "a log book reveals the materials in question were delivered to unit team on October 14, 2020"); Ex. [1047-1] at 1 (envelope bearing October 15, 2020, postmark).   Every indication is that the Motion was not submitted to prison officials for mailing until a full week after the deadline. *See, e.g.,* Ex. [1056] at 2; Ex. "2" [1053-2] at 1; Ex. [1047-1] at 1.

Neither Mewase's Motion nor his Reply contain any affirmative statement from him as to when he placed the Motion in the prison mailing system, *see* Mot. [1047], nor has Mewase offered any additional argument or evidence as to when he did so, even though the Court specifically cautioned Mewase that, in filing in his Reply, "he bears the burden of demonstrating when his Motion was tendered to prison officials for delivery to the Court," Order [1048] at 2 (citing *Duran*, 934 F.3d at 412).  Nor has Mewase submitted a Declaration or notarized statement that conforms with Rule 3(d).

The Government has presented evidence that the Motion was not received by the prison officials until October 14, 2020, after the statute of limitations had expired.  *See* Ex. "2" [1053-2] at 1 (e-mail from a Supervisor Correctional Systems Specialist at FCI Fort Dix, where Mewase is incarcerated, stating that "a log book reveals the materials in question were delivered to unit team on October 14, 2020").  Based upon the record, the Court has a "straightforward inquiry," *Houston*, 487 U.S. at 275, and Mewase has not shown that his Motion is timely within the

meaning of § 2255(f) or the § 2255 Rules.

With respect to the Memorandum from "B. Solheim/Counselor" submitted by Mewase, it states that Mewase was "*trying*" to submit "Legal Mail" by "the Due date of September 30th . . . ."  Reply [1056] at 2 (emphasis added).  However, there was no due date in this case of September 30, 2020, so it is not clear what relevance, if any, this date has, nor is it clear to what the Memorandum is referring by the general term "Legal Mail."  *See id.*  Indeed, this could be a reference to any number of things.  *See id.*  Even if this cryptic statement could somehow be construed as a reference to Mewase's § 2255 Motion, there is no indication from the record when Mewase actually tendered it to prison officials, or that he did so by the October 7, 2020, due date.  It was plainly Mewase's burden to show that the mailbox rule applies, and he has not done so, rendering his Motion untimely.  *See* Rule 3(d) of Section 2255 Rules; *Duran*, 934 F.3d at 412-13; Order [1048] at 2.

2.   <u>Whether Mewase is entitled to equitable tolling</u>

Mewase has not raised an argument for equitable tolling of the statute of limitations, but giving his pro se filings a liberal construction, he is arguably seeking equitable tolling.  "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable."  *United States v. Petty*, 530 F.3d 361, 364 (5th Cir. 2008) (quotation omitted).

In order to be entitled to equitable tolling, Mewase must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *United States v.*

*Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).  The Fifth Circuit has explained that equitable tolling "is only available in rare and exceptional circumstances" and that it "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."  *Id.* (quotation omitted).  Whether a court should equitably toll the limitations period "turns on the facts and circumstances of each case," *Petty*, 530 F.3d at 364, and Mewase bears the burden of establishing that equitable tolling is appropriate, *see id.* at 365.

The only possible evidentiary support for an equitable tolling argument is the unsworn Memorandum from "B. Solheim/Counselor" Mewase submitted with his Reply, but it is not clear from the face of this document that it even relates to Mewase's § 2255 Motion.  The Memorandum refers generally to "Legal Mail" and to a "[d]ue date of September 30th," *see* Reply [1056] at 2, but as the Court has already stated, there was no such deadline associated with Mewase's § 2255 Motion.

Even if this Memorandum could somehow be shown to relate to the § 2255 Motion, there is no indication how the person who wrote the Memorandum would have personal knowledge regarding the submission of Mewase's Motion.  Instead, the Memorandum appears to contain at least triple hearsay (in that Solheim's unsworn Memorandum contains statements that recite what a second, unidentified person purportedly told him based upon what either Mewase or a third person may have told the second person).  The Memorandum is dated nearly two months after the statute of limitations lapsed, and it is not sworn or otherwise submitted under

oath.   Mewase himself has offered no argument or evidence in this regard, and he could easily have done so, particularly in light of the Court's specific warning to him that he bore the burden of demonstrating when his Motion was tendered to prison officials for delivery to the Court.  *See* Order [1048] at 2; *see also, e.g., Duran*, 934 F.3d at 413 ("A district court does not have an obligation to inform pro se litigants on the kinds of evidence they may submit.").

Even were the Court to accept as true the statements in the Memorandum, Solheim relates that Mewase was "trying to submit Legal Mail by the [d]ue date on September 30th," but it "wasn't logged until October 14th, 2020."  Reply [1056] at 2. The Memorandum then blames lack of staffing at the prison for delay in the submission.  *See id.*  Even if there were some delays in submitting legal mail purportedly occasioned by lack of staffing around September 30, 2020, one could not reasonably conclude from the Memorandum that Mewase was unable to submit his § 2255 Motion to prison officials for mailing each and every day between September 30, 2020, and the date he eventually deposited the Motion with prisons officials two weeks later.  Nor has Mewase offered any other evidence to support such a conclusion.

Mewase also has not offered any explanation as to why he could not have filed his § 2255 Motion sooner, during the previous 11 months between the Supreme Court's denial of his petition for writ of certiorari and his attempt to mail his § 2255 Motion, particularly in light of the fact that unpredictable lockdowns and delays in mail appear to have occurred during the COVID-19 pandemic.  *See, e.g., Evans v.*

*Fitch,* No. 1:20CV226-CWR, 2021 WL 151758, at *3 (S.D. Miss. Jan. 17, 2021) (recognizing that "some courts have held that the pandemic, while making it more difficult to complete and file a [§ 2255] petition, did not *prevent* its filing") (emphasis in original) (collecting cases).

There is no indication in the record that the lack of staffing existed only during the limited time period when Mewase was allegedly attempting to submit his Motion for mailing, such that Mewase should have been on notice that such delays in the mail were a possibility. *See* Reply [1056] at 2. In this regard, the Court is mindful that "[e]quity is not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012) (quotation omitted); *see Wheaten*, 826 F.3d at 851; *see also, e.g., United States v. Thomas*, No. CR 18-135, 2020 WL 7229705, at *3 (E.D. La. Dec. 8, 2020) (holding petitioner was not entitled to equitable tolling despite the lockdown at his prison in response to the COVID-19 pandemic); *United States v. Mills*, No. 2:15-CR-947, 2018 WL 3909931, at *2 (S.D. Tex. Aug. 15, 2018) (recognizing that "[p]rison lockdowns generally do not justify equitable tolling").

Based on the foregoing, Mewase has not shown that he has been diligently pursuing his rights, nor has he shown that some extraordinary circumstance stood in his way or prevented him from timely filing his § 2255 Motion. *See Wheaten*, 826 F.3d at 851. Mewase has not carried his burden of demonstrating that equitable tolling should apply, and his Motion is therefore untimely. *See* 28 U.S.C. § 2255(f).

3.   <u>Whether Mewase is entitled to an evidentiary hearing as to the statute of limitations</u>

"A § 2255 movant is typically entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief on his underlying claims." *Duran*, 934 F.3d at 411 (quotation omitted). However, "[c]onclusory allegations, unsubstantiated by evidence, do not support the request for an evidentiary hearing." *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013). A § 2255 movant is entitled to an evidentiary hearing "only if he presents independent indicia of the likely merit of his allegations." *Id.* (quotation omitted).

A movant bears the burden of showing that his § 2255 motion is timely, *see Duran*, 934 F.3d at 412-13, and when he fails to include a certification or other evidence of when he deposited the filing in the prison mailing system, a court is left with only the movant's "bare assertion that he placed his motion in a [prison] mailbox against the fact that his motion was postmarked . . . after the one-year filing deadline," *id.* at 413. In the absence of competent evidence to support a movant's assertion, the district court need not conduct an evidentiary hearing on a mailbox rule question. *See id.* at 414.

To determine whether a movant is entitled to an evidentiary hearing with respect to equitable tolling, a court must consider whether the movant has presented "independent indicia of the likely merit of his allegations" concerning equitable tolling. *United States v. Valles*, No. 19-50343, 2023 WL 248889, at *1 (5th Cir. Jan. 18, 2023) (quoting *Reed*, 719 F.3d at 373). Conclusory allegations and

unsupported generalizations, unsubstantiated by evidence, are "insufficient to support equitable tolling or require an evidentiary hearing." *Id.* at *2 (citing *Reed*, 719 F.3d at 373).

Here, the Court specifically "caution[ed] Defendant that he bears the burden of demonstrating when his Motion was tendered to prison officials for delivery to the Court." Order [1048] at 2 (citing *Duran*, 934 F.3d at 412). Despite this admonition prior to him filing his Reply [1056], Mewase presented no competent evidence to support application of either the mailbox rule or equitable tolling, even though he easily could have submitted his own declaration stating when he tried to and did deposit his § 2255 Motion into the prison mailing system. Instead, Mewase offered only the Memorandum, not under penalty of perjury, from "B. Solheim/ Counselor," which sets forth vague and unsupported generalizations concerning some nonspecific item or items of "Legal Mail." Reply [1056] at 2. This is insufficient to support even a prima facie case for relief necessary to warrant an evidentiary hearing.

Because Mewase has not submitted any declaration or notarized statement or other competent evidence sufficient to create a factual dispute, and because the Motion and record in this case conclusively show that Mewase is entitled to no relief on grounds that his § 2255 Motion was untimely and there is no basis for equitable tolling, the Motion will be denied without an evidentiary hearing. *See Duran*, 934 F.3d at 411; *Reed*, 719 F.3d at 373; *Valles*, 2023 WL 248889, at *1-*2.

III. <u>CONCLUSION</u>

For the foregoing reasons, it is clear from the Motion, related pleadings, and the record that Mewase is entitled to no relief, and the Court finds that Mewase's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 should be denied as untimely without an evidentiary hearing.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Femi Alexander Mewase's Motion [1047] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 24th day of August, 2023.

<u>*s/ Halil Suleyman Ozerden*</u>
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE