IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                                   Crim. No. 1:14cr33-HSO-BWR-16

**FEMI ALEXANDER MEWASE**

**ORDER DIRECTING CLERK OF COURT TO SEVER DEFENDANT FEMI ALEXANDER MEWASE'S MOTIONS [1120], [1138] FOR RETURN OF PROPERTY INTO NEW CIVIL ACTION, WITH MEWASE ALIGNED AS PLAINTIFF AND THE UNITED STATES OF AMERICA ALIGNED AS DEFENDANT; REQUIRING FEMI ALEXANDER MEWASE TO PAY CIVIL FILING AND ADMINISTRATIVE FEES OR FILE THE APPROPRIATE APPLICATION TO PROCEED *IN FORMA PAUPERIS* WITHIN 30 DAYS OF ENTRY OF THIS ORDER; AND DENYING AS MOOT DEFENDANT FEMI ALEXANDER MEWASE'S MOTIONS [1120], [1138] FOR PURPOSES OF THIS CRIMINAL CASE**

**BEFORE THE COURT** are the Motions [1120], [1138] for Return of Property filed by Defendant Femi Alexander Mewase ("Mewase" or "Defendant"). The Government filed a Response [1136] in opposition to Defendant's first Motion [1120], and Defendant has filed a Reply [1144].

After due consideration of the Motions, the record, and relevant legal authority, the Court is of the opinion that Defendant's Motions [1120], [1138] are properly construed as a single civil action. The Clerk of Court shall sever these Motions [1120], [1138] into one civil action where Mewase is aligned as the plaintiff and the United States of America is aligned as the defendant, and the Clerk shall file in that new action a copy of this Order, Mewase's Motions [1120], [1138], the

Government's Response [1136], and Defendant's Reply [1144]. Mewase must pay the applicable civil filing and administrative fees or submit a completed application to proceed *in forma pauperis* **within thirty (30) days of entry of this Order**. The Clerk of Court shall mail Mewase the *in forma pauperis* forms. Finally, Defendant's Motions [1120], [1138] in this criminal case will be denied as moot, as the substance of those filings will be resolved in the civil action.

I. FACTS AND PROCEDURAL HISTORY

Mewase, along with numerous co-Defendants, was charged in a Second Superseding Indictment [156] with three counts of conspiracy (Counts 1, 2, and 9). *See* 2d Superseding Indictment [156] at 4-29, 31-32. Mewase proceeded to a jury trial with two co-Defendants, and the jury convicted him of conspiracy to commit mail and wire fraud (Count 1),[1] and conspiracy to commit identity theft, use of unauthorized access devices, and theft of government funds (Count 2). *See* Verdict Form [788] at 3, 6-7. The jury acquitted Mewase of conspiracy to commit money laundering (Count 9). *See id.* at 3. Mewase was sentenced to a 240-month term of imprisonment as to Count 1 and a 60-month term as to Count 2, to run consecutively to one another, resulting in a total term of imprisonment of 300 months. *See* J. [879] at 3.

Mewase and both co-Defendants appealed. The United States Court of

---

[1] With respect to Count 1, the jury specifically found that the Government had not proved beyond a reasonable doubt that Mewase conspired to commit bank fraud, but it unanimously determined that the Government had proved beyond a reasonable doubt that he conspired to commit mail fraud under 18 U.S.C. § 1341 and wire fraud under 18 U.S.C. § 1343. *See* Verdict Form [788] at 3.

Appeals for the Fifth Circuit affirmed in all respects, *see United States v. Ayelotan*, 917 F.3d 394, 399 (5th Cir.), *as revised* (Mar. 4, 2019), and the United States Supreme Court denied Mewase's petition for a writ of certiorari, *see* Ex. [1008] at 1. Mewase later filed a Motion [1047] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, which this Court denied. *See* Order [1130].

Mewase has now filed Motions [1120], [1138] for Return of Property[2] which he says was taken when he was arrested in South Africa on March 21, 2014. Mot. [1120] at 1. According to Mewase, the items seized "such as HTC cellphones, Accer [sic] TravelMate laptops, Nigeria voting card, ID cards, 2 Nigeria travel passports, receipts and education certificates" should be returned to him because the items were "purchased legitimately," were "not subject to forfeiture," and there is "no legitimate reason that the prosecution and [the] Homeland Security Agent . . . needs [to] hold onto [his] property for nine years and 10 months after it was initially brought to trial." *Id.* at 1-2. Mewase states that the Agent has represented to the Court that no evidence was found on the phones and laptops and that the information from the cell phones and laptops has already been downloaded by the prosecution. *Id.* at 2.

---

[2] In the second Motion [1138], Mewase complains that in giving the Government additional time to respond to his first Motion [1120], the Court stated that, "NO FURTHER WRITTEN ORDER WILL ISSUE FROM THE COURT." Mot. [1138] at 2; Text Order, Sept. 14, 2023. But this capitalized language has no special significance. It is merely the language required to be contained in every order made by text-only entry on the docket where no PDF document will issue from the Court. *See* Admin. Procedures for Electronic Case Filing (S.D. Miss. Aug. 2022).

>The Government responds that:
>
>The United States is willing to return the documents, Nigeria voting card, passports and educational certificates to Mewase if shown to be genuine and not counterfeit as much of the evidence in this case was. The documents, if genuine, will be placed in Mewase's Homeland Security, Customs and Immigration Enforcement file for release to Mewase at the completion of his sentence during deportation proceedings.

Resp. [1136] at 2. As for the cellphones and laptops, the Government states that "the evidence in the trial of this case demonstrated extensive use of electronic and mobile devices to purpretrate [sic] the frauds for which Mewase and others were convicted." *Id.* The Government posits that "Mewase's use of laptops and cellphones in furtherance of the conspiracies for which he was convicted should bar him from obtaining those same devices," as "Mewase does not come to this point with clean hands." *Id.* The Government contends that its failure to file a specific forfeiture action for the devices used in the criminal conduct underlying Mewase's convictions should not prevent it from resisting the return of those devices to Mewase due to his unclean hands, specifically his "extensive criminal conduct— financial fraud," where the cellphones and laptops were the tools used to perpetrate that trade. *Id.* at 3. The Government maintains that Mewase is not entitled to equitable relief and asks the Court to deny his Motion to the extent he seeks return of his cellphones and laptops. *Id.* at 3-4.

Mewase objects to the Government giving the "false impression" that he "somehow did something with [his] phone or laptop that was unlawful." Reply [1144] at 4. He argues that the trial transcript shows that he only had family

4

photographs on his HTC cellphone and school assignments and homework on his laptop. *Id.* Mewase insists that the record demonstrates that it was not his electronics that were used in this case and that, as a prisoner, he is unable to further prove his items are not "unclean." *Id.* Mewase also argues that someone with the Government could confirm the validity of his documents and return them to him. *Id.* at 5.

## II. DISCUSSION

Federal Rule of Criminal Procedure 41(g) provides that

> [a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g).

After a criminal conviction becomes final, a motion filed under Rule 41(g) in a closed criminal case constitutes a new civil proceeding against the United States within a federal court's general equity jurisdiction under 28 U.S.C. § 1331. *United States v. Mtaza*, 849 F. App'x 463, 465 (2021); *Bailey v. United States*, 508 F.3d 736, 738 (5th Cir. 2007). Defendant's Motions [1120], [1138] for Return of Property are therefore properly construed as a new civil action, *see Mtaza*, 849 F. App'x at 465; *Bailey*, 508 F.3d at 738, and the Court will therefore sever the Motions [1120], [1138] into a new civil action and order that the Clerk of Court realign Mewase as the proper plaintiff and the United States as the proper defendant in the new case.

The Court will further order that the Clerk of Court file in that new action a copy of this Order, Mewase's Motions [1120], [1138], the Government's Response [1136], and Mewase's Reply [1144].

For the new civil action, Mewase must either pay the required $350.00 civil filing fee plus a $52.00 administrative fee, or file a completed application to proceed *in forma pauperis* ("IFP"), including the section entitled "Certificate to Be Completed by Authorized Officer" of prison accounts, or file an affidavit specifically stating the name of the prison official contacted concerning the Certificate and why this information is not provided to this Court. *See* 28 U.S.C. § 1915; *Peña v. United States*, 122 F.3d 3, 4-5 (5th Cir. 1997) (construing motion to return property under then-Rule 41(e) as a civil action and remanding for district court to resolve IFP application). The Court will grant Defendant 30 days to either pay the fees or file the IFP application. Because Defendant is incarcerated, the new civil action is subject to the screening provisions of the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C. § 1915A; *Peña*, 122 F.3d at 4-5 (applying the PLRA).

Finally, Defendant's Motions [1120], [1138] in this criminal case will be denied as moot, as the substance of those Motions [1120], [1138] will be resolved in the new civil proceeding.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that, the Clerk of Court shall **SEVER** Defendant Femi Alexander Mewase's Motions [1120], [1138] for Return of Property and assign them a single civil cause number, and the Clerk of Court shall file in the

new civil action a copy of this Order, the Motions [1120], [1138], the Government's Response [1136], and Femi Alexander Mewase's Reply [1144].

**IT IS, FURTHER, ORDERED** that, the Clerk of Court shall realign the parties in the new civil action to reflect that Femi Alexander Mewase is the true plaintiff against the United States of America as defendant. All future pleadings related to Femi Alexander Mewase's Motions [1120], [1138] for Return of Property shall be filed in the new civil case only.

**IT IS, FURTHER, ORDERED** that, **within thirty (30) days of the entry of this Order**, Femi Alexander Mewase shall either (a) pay the required $350.00 civil filing fee plus $52.00 administrative fee; or (b) file a completed application for leave to proceed *in forma pauperis*, including the section entitled "Certificate to Be Completed by Authorized Officer" of prison accounts or file an affidavit specifically stating the name of the prison official contacted concerning the Certificate and why this information is not provided to this Court. *See* 28 U.S.C. § 1915(a). The Clerk of Court shall mail Femi Alexander Mewase the appropriate forms.

**IT IS, FURTHER, ORDERED** that, Femi Alexander Mewase shall submit his filing and administrative fees or *in forma pauperis* application, as well as all future pleadings, to the following address with the civil cause number displayed on each document:

    Clerk of Court
    United States District Court
    2012 15th Street, Suite 403
    Gulfport, MS 39501

**IT IS, FURTHER, ORDERED** that, Femi Alexander Mewase is **CAUTIONED** that his failure to timely comply with this Order or any future Order of the Court, or his failure to keep the Court apprised of his current address, will be deemed as a purposeful delay and contumacious conduct and may result in dismissal of his case for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

**IT IS, FURTHER, ORDERED** that, for the purposes of this criminal case, Femi Alexander Mewase's Motions [1120], [1138] are **DENIED AS MOOT**, as the substance of his Motions will be resolved in the new civil case.

**SO ORDERED AND ADJUDGED**, this the 9th day of November, 2023.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE